UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY WATKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>CHAD GREENWOOD, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-00850-LJO-SAB<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff Casey Watkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 8, 2016, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 5.)  On September 29, 2016, the Court re-designated this action as a regular civil action.  (ECF No. 6.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is

1

entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff contends that on February 27, 2014, Defendant Chad Greenwood of the State of California Department of Corrections and Defendant Lukious Sims of the Bakersfield Police Department used unreasonable force and brutality when they delivered heavy blows and punches while arresting him. Plaintiff contends that Defendants caused severe injuries to Plaintiff's back, neck, and spine.

## III.
## DISCUSSION

### A.     Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

1 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B. Excessive Force

Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen invoke the protections of the Fourth Amendment and are governed by its "reasonableness" standard.  Graham v. Connor, 490 U.S. at 394.  "[W]hether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  Id. at 396 (internal quotations and citations omitted).  "Not every push or shove, even if it may later seem unnecessary in the pace of a judge's chambers, violates the Fourth Amendment."  Id. at 396 (internal quotations and citations omitted).  "[T]he question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Id. at 397.

Plaintiff presents only a conclusory claim that he was subjected to excessive force during his arrest.  Plaintiff has not clearly delineated the factual allegations surrounding the use of force.  As such, the Court cannot determine whether it is plausible that force purposely or knowingly used against him was objectively unreasonable.  Plaintiff does not explain what led to the incident, where the incident took place, what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was objectively unreasonable.  Accordingly, Plaintiff fails to state a cognizable claim for excessive force under the Fourth Amendment.

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted an opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed June 20, 2016, is dismissed for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim, without further leave to amend.

IT IS SO ORDERED.

Dated:   **September 30, 2016**

UNITED STATES MAGISTRATE JUDGE