# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY WATKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAD GREENWOOD, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00850-LJO-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SIMS'S MOTION TO COMPEL<br><br>ORDER DENYING DEFENDANT SIMS'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED<br><br>(ECF Nos. 25, 29, 34, 38, 39) |

Plaintiff Casey Watkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant Sims's motion to compel, filed May 25, 2017. (ECF No. 25.)

## I.

## RELEVANT HISTORY

This action is proceeding on Plaintiff's excessive force claim against Defendants Sims and Greenwood in their individual capacities. On March 14, 2017, Defendant Sims filed an answer to Plaintiff's first amended complaint. (ECF No. 19.) On March 15, 2017, the Court issued the discovery and scheduling order. (ECF No. 20.)

As previously stated, on May 25, 2017, Defendant Sims filed a motion to compel Plaintiff to provide responses to Defendant Sims's first set of interrogatories and first set of requests for production of documents and a motion to deem Defendant Sims's first set of

1

| | |
|---|---|
| 1 | requests for admissions admitted. (ECF No. 25.) Plaintiff did not file an opposition. On June |
| 2 | 26, 2017, Defendant Sims filed a notice of non-opposition to the motion to compel. (ECF No. |
| 3 | 29.) |
| 4 | On July 7, 2017, Plaintiff filed his response to Defendant Sims's first set of |
| 5 | interrogatories. (ECF No. 34.) On July 13, 2017, the Court ordered Defendant Sims to file a |
| 6 | status report stating whether he has received responses from Plaintiff for the first set of requests |
| 7 | for production of documents and first set of requests for admissions. (ECF NO. 38.) On July 14, |
| 8 | 2017, Defendant Sims filed a status report. (ECF No. 39.) |

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 20, Discovery and Scheduling Order, ¶4.

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Defendant Sims submits that on March 16, 2017, he served Plaintiff with his first set of requests for production of documents, first set of interrogatories, and first set of requests for admissions. (ECF No. 25-2.) Defendant Sims submits that Plaintiff was served by mail at the address of record at the time. (ECF No. 25-2.)

1       Accordingly, Plaintiff had forty-five days to respond to the discovery requests plus three

2 extra days provided by Federal Rule of Civil Procedure 6(d).  Thus, Plaintiff's responses to

3 Defendant Sims's discovery requests were due on or before May 4, 2017.

4       On May 2, 2017, Defendant Sims informed Plaintiff that his responses to the discovery

5 requests were delinquent and asked that he provide complete and verified responses by May 12,

6 2017. (ECF No. 25-2.)  On May 10, 2017, Plaintiff called defense counsel's office and spoke

7 with legal assistant Kate Holly. (ECF No. 25-3.)  Plaintiff informed Ms. Holly that he was

8 having trouble copying some records but that he would send "what he had now" immediately

9 and that he would make sure that they receive the rest of the responses and documents no later

10 than May 19, 2017. (ECF No. 25-3.)  Plaintiff did not contact defense counsel to request

11 additional time to respond and defense counsel had not received any responses to the discovery

12 requests at the time the motion was filed. (ECF No. 25-2.)[1]

### A. Interrogatories

Defendant Sims requested that the Court order Plaintiff to respond to his first set of interrogatories.  In the July 14, 2017 status report, Defendant Sims indicates that he received Plaintiff's response to Defendant's first set of interrogatories on July 5, 2017, which were also filed on July 7, 2017. (ECF Nos. 34, 39.)  In light of the fact that Plaintiff has now served responses to Defendant Sims's first set of interrogatories, Defendant Sims's motion to compel regarding the first set of interrogatories is moot.

### B. Requests for Production of Documents

Defendant Sims requested that the Court order Plaintiff to provide a response to the first set of requests for production of documents along with responsive documents.

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

---

[1] On June 22, 2017, Plaintiff filed a notice of change of address, which was dated June 20, 2017. (ECF No. 27.) On June 27, 2017, Defense Greenwood's counsel, Sarah Brattin, filed a declaration stating that she spoke to the litigation coordinators at California City Correctional Facility and California Men's Colony, who both confirmed that Plaintiff was transferred from California City Correctional Facility on Wednesday, June 14, 2017, and received at California Men's Colony on Thursday, June 15, 2017. (ECF No. 30.) Therefore, Plaintiff was moved after the deadline to serve his discovery responses had passed.

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General***.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Federal Rule of Civil Procedure 34 provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control. Fed. R. Civ. P. 34(a)(1)(B).

Defendant Sims states in the July 14, 2017 status report that the only papers that he received from Plaintiff before filing the motion to compel were the ones in a package that was received on May 25, 2017.[2] The package contained copies of documents that Defendant Sims thinks are related to Plaintiff's criminal case. Defendant Sims does not believe that the documents produced are the totality of the documents in Plaintiff's possession, custody, or control that ought to have been produced in response to the request for production of documents. No written responses were included in the package. Defendant Sims indicates in the status report that no response to the first set of requests for production of documents has been received.

Plaintiff did not file an opposition to the motion to compel. Plaintiff therefore does not address or dispute that he did not respond to the requests for production of documents served by Defendant Sims, and Plaintiff has not provided a valid reason for not serving responses to such discovery requests.

Accordingly, Defendant Sims's motion to compel responses to the requests for production of documents is granted, and Plaintiff will be directed to respond to Defendant Sims's requests for production of documents, without objections. Fed. R. Civ. P. 37(a); <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (citations omitted) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Plaintiff must provide a response to each request for production of

---
[2] In the motion to compel, Defendant Sims indicated that the package of documents was received on March 25, 2017.

documents that specifically states either (1) Plaintiff has no responsive documents in his possession, custody, or control; or (2) Plaintiff is producing all responsive documents. If Plaintiff has already produced documents in response to the requests for production of documents, Plaintiff must still provide a written response that indicates which documents are related to which request(s).

### C. Requests for Admissions

Defendant Sims asks the Court to deem the requests for admissions admitted as a matter of law because Plaintiff failed to serve timely responses to the requests for admissions without justification and failed to request additional time. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the failure to timely respond to requests for admissions will result in the matter being admitted. Fed. R. Civ. P. 36(a)(3).

Defendant Sims indicates in his July 14, 2017 status report that he received a response from Plaintiff to the requests for admission on June 27, 2017. As discussed above, Plaintiff's responses to the requests for admissions were due on May 4, 2017.

If a party wishes to withdraw an admission, that party is required to file a motion. Fed. R. Civ. P. 36(b). However, in the interest of judicial economy, and as Plaintiff is a pro se prisoner, the Court will construe Plaintiff's late submission of his responses to the requests for admission as a motion to withdraw the prior deemed admissions. Plaintiff intended to submit responses to the requests for admissions, albeit quite late.

Rule 36(b) of the Federal Rules of Civil Procedure provides as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).

If upholding the admission would eliminate presentation of the merits of the action, then allowing withdrawal of the admission would promote the presentation of the merits and satisfy the first prong of the test. Fed. R. Civ. P. 36(b); see Conlon v. United States, 474 F.3d 616, 622

1  (9th Cir. 2007) (citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). The Court
2  finds that withdrawal of the deemed admissions would promote presentation of the merits of this
3  action as specific admissions relate directly to questions at issue in this action, including whether
4  the claim in this action is based on Plaintiff's arrest and conviction for resisting arrest.

5   If the party relying on the admission would be prejudiced such that the party could not
6  maintain or defend the action on its merits, then the motion to withdraw the admission cannot be
7  granted. Fed. R. Civ. P. 36(b). The second prong inquiry should focus on the prejudice that the
8  nonmoving party would face at trial. Conlon, 474 at 623. In this instance, the Court finds that
9  Defendants would not be prejudiced in defending this action on the merits if the deemed
10 admissions are withdrawn. This matter has not proceeded to trial, and no dispositive motions
11 have been decided. In addition, discovery is still open in this matter. Therefore, the Court finds
12 that the deemed admissions shall be withdrawn.[3] Plaintiff's responses to the requests for
13 admissions that were received by Defendant Sims on June 27, 2017, are in effect.

14   Accordingly, Defendant Sims's motion to deem the request for admissions, set one
15 admitted shall be denied. If Defendant Sims believes that Plaintiff's responses to the requests for
16 admissions are deficient, he may file a separate motion under Rule 36(a)(6), or if there is no
17 response to certain admissions, then those admissions will still be deemed admitted.

### III.

### ORDER

20 Based on the foregoing, it is HEREBY ORDERED that:

21 1. Defendant Sims's motion to compel is GRANTED IN PART and DENIED IN
22   PART as follows:

23  a. Defendant Sims's motion to compel a response to his requests for production of

---

[3] The Court notes that other courts in the Eastern District of California have noted that pro se prisoners should receive notice that the matters shall be deemed admitted unless said request is responded to in a timely manner. See Jefferson v. Perez, 2012 WL 671917, n. 1 (E.D. Cal. Feb. 29, 2012); Kirk v. Richards, CIV S-10-0373 GEB CKD P, 2011 WL 4374999, n. 1 (E.D. Cal. Sept. 19, 2011). Those courts relied on Diggs v. Keller, 181 F.R.D. 468, 469 (D. Nev. 1998), where the court found that "before a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow." Here, Plaintiff received no such notice. (ECF No. 25-2 at 17-21.)

documents, set one is GRANTED. Plaintiff shall serve responses to Defendant Sims's first set of requests for production of documents, without objections, within **twenty (20) days** of the date of service of this order. Plaintiff must provide a response to each request for production of documents that specifically states either (1) Plaintiff has no responsive documents in his possession, custody, or control; or (2) Plaintiff is producing all responsive documents. If Plaintiff has already produced documents in response to the requests, Plaintiff must still provide a written response that indicates which documents are related to which request(s); and

    b. Defendant Sims's motion to compel responses to interrogatories, set one is DENIED AS MOOT;

2. Defendant Sims's motion to deem requests for admissions, set one admitted is DENIED. Plaintiff's deemed admissions are withdrawn and Plaintiff's response to the requests for admissions that were received by Defendant Sims on June 27, 2017, are in effect; and

3. Plaintiff is advised that failure to comply with this order may result in the issuance of sanctions up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: __**August 18, 2017**__

UNITED STATES MAGISTRATE JUDGE