# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY WATKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHAD GREENWOOD, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00850-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 23, 24, 26, 28, 30, 44, 45, 46, 48) |

Plaintiff Casey Watkins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant Chad Greenwood's motion to dismiss, which Defendant Lukious Sims joined in ("Defendants' motion to dismiss"). (ECF Nos. 23, 24.)

## I.

## RELEVANT HISTORY

This action is proceeding on Plaintiff's first amended complaint, filed on October 14, 2016, for excessive force against Defendants Sims and Greenwood in their individual capacities.[1]

On March 14, 2017, Defendant Sims filed an answer. (ECF No. 19.) On May 18, 2017,

---

[1] Defendant Greenwood is represented by Deputy Attorney General Sarah Brattin, and Defendant Sims is represented by Michael Marderosian.

Defendant Chad Greenwood filed a motion to dismiss in this action. (ECF No. 23.) On May 19, 2017, Defendant Lukious Sims filed a notice of joinder in the motion to dismiss. (ECF No. 24.)

On June 19, 2017, Defendant Greenwood's counsel filed a declaration stating that Plaintiff had not served an opposition to the motion to dismiss. (ECF No. 26.) On June 22, 2017, Plaintiff filed a notice of change of address. (ECF No. 27.) On June 26, 2017, Defendant Greenwood was ordered to serve a copy of the declaration on Plaintiff at his current address. (ECF No. 28.) On June 26, 2017, Defendant Greenwood re-served the declaration in lieu of reply at Plaintiff's new address. (ECF No. 30.)

On July 5, 2017, Plaintiff filed a motion for a thirty day extension of time until July 17, 2017, to respond to the motion to dismiss and a notice to the court. (ECF Nos. 31, 32.) On July 20, 2017, Plaintiff filed his opposition, which was subsequently struck from the record. (ECF No. 43.) On July 25, 2017, Defendant Greenwood filed a reply to Plaintiff's opposition to the motion to dismiss, which Defendant Sims joined in.[2] (ECF Nos. 45, 46.) On August 22, 2017, the Court denied Plaintiff's motion for an extension of time and struck Plaintiff's opposition to Defendants' motion to dismiss.[3] (ECF No. 48.)

## II.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir.

---

[2] As the Court has struck Plaintiff's opposition to the motion to dismiss, the Court does not consider Defendant Greenwood's reply.

[3] Even if the Court had considered Plaintiff's opposition in deciding the instant motion to dismiss, it would not have changed this Court's analysis.

2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Complaint Allegations

On February 27, 2014, Defendant Greenwood of the State of California Department of Corrections and Rehabilitation (CDCR) and Defendant Sims of the Bakersfield Police Department were seeking to detain Plaintiff because he had not reported to his parole agent. Plaintiff claims that he had been designated as a parolee-at-large. Plaintiff contends that after a short foot race, he was arrested by Defendant Sims. Plaintiff contends that when Defendant Sims told Plaintiff to get down on the ground, Plaintiff complied, but Defendant Sims struck him several times with closed fists to the rib-cage for no reason. Plaintiff alleges that Defendant Greenwood lost visual contact of Plaintiff and was not informed of the location of the pursuit, but did arrive at the location. Plaintiff claims that when Defendant Greenwood arrived at the scene, Plaintiff was on the ground, and Defendant Greenwood stated, "Don't you ever run from me, next time I'll shoot you!" Plaintiff contends that at that point, Defendants began "pounding" on the Plaintiff with closed-fists using full force punches and knees delivering "heavy blows." Plaintiff alleges that he was struck with heavy blows and knee punches to his rib-cage, neck, body, and spine, and that he now has several problems with his neck. Plaintiff claims that he did not resist.

### C. Findings on Defendants' Motion to Dismiss

Defendants argue that the action should be dismissed on the ground that Plaintiff's excessive force claim against them is barred by the favorable-termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). Defendants argue that if Plaintiff is successful with respect to his excessive force claim, it will necessarily invalidate Plaintiff's conviction for resisting arrest.

Plaintiff was convicted by a jury of driving with a willful or wanton disregard for safety while fleeing from pursuing police officers (Cal. Veh. Code § 2800.2(a)) and resisting arrest (Cal. Pen. Code § 148(a)(1)). People v. Watkins, No. F070693, 2016 WL 3975561, at *1 (Cal. Ct. App. July 25, 2016), rev. denied, Oct. 12, 2016.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck, 512 U.S. at 482, 486-487; Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

Under California Penal Code § 148(a)(1), "[t]he legal elements of a violation ... are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting In re Muhammed C., 95 Cal.App.4th 1325, 1329, 116 Cal.Rptr.2d 21 (2002)). "In

California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer." Smith, 349 F.3d at 695. The use of excessive force by a police officer at the time of arrest is not within the performance of the officer's duties. Id. Two Ninth Circuit cases help to define the boundary between when an excessive force claim arising from the same factual circumstances as a section 148(a)(1) conviction is barred by Heck. See Hooper v. Cty. of San Diego, 629 F.3d 1127 (9th Cir. 2011); Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1046 (9th Cir. 2012).

In Hooper, the Ninth Circuit considered whether a conviction for violation of California Penal Code section 148(a)(1) would bar an excessive force claim. The plaintiff in Hooper was detained by a loss prevention officer and the defendant responded with his "department issued canine." Hooper, 629 F.3d at 1129. After investigating the allegations, the deputy issued a citation and informed the plaintiff that he was going to search her car. Id. Upon searching the car, the deputy found a substance he believed to be methamphetamine. Id. The deputy approached the plaintiff, grabbed her wrist, and told her she was under arrest for possession of methamphetamine. Id. The plaintiff jerked her hand away from the deputy and a struggle ensued. Id. The plaintiff ended up lying on her stomach on the ground with the deputy lying on top of her, at which time the deputy called for backup. Id. While it is disputed what happened next, the plaintiff was bitten by the deputy's police dog. Id. The plaintiff pled guilty to resisting a police officer in violation of California Penal Code section 148(a)(1) and filed suit under section 1983. Id. The district court granted summary judgment on the ground that the excessive force claims were barred by Heck. Id.

The Ninth Circuit considered that the California Supreme Court had held that "a conviction under § 148(a)(1) can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful." Hooper, 629 F.3d at 1131 (citing Yount v. City of Sacramento, 43 Cal. 4th 885 (2008)). Section 148(a)(1) contains no requirement that there be a distinct temporal separation between the use of reasonable and unreasonable force. Hooper, 629 F.3d at 1132. Therefore, "[i]t is sufficient for a valid conviction under § 148(a)(1) that at some time during a 'continuous transaction' an individual resisted, delayed, or obstructed an officer

5

when the officer was acting lawfully. It does not matter that the officer might also, at some other time during that same continuous transaction' have acted unlawfully." Id. "Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer." Id. (quoting Yount, 43 Cal. 4th at 899).

The Ninth Circuit found that the plaintiff's excessive force claim was not barred by Heck. Hooper, 629 F.3d at 1133. The chain of events constituting the plaintiff's arrest were "one continuous transaction." Id. But the excessive force claim was based on the police dog biting the plaintiff which would not negate the lawfulness of the initial attempt to arrest the plaintiff or negate the unlawfulness of the plaintiff's attempt to resist by pulling her hand away. Id. Under Hooper, the plaintiff's claims are not barred where the conviction and excessive force claims are based on different actions during one continuous transaction. Kyles v. Baker, 72 F.Supp.3d 1021, 1035 (N.D. Cal. Oct. 31, 2014).

In Beets, two suspects fled from police in a stolen vehicle. 669 F.3d at 1040. When the suspects parked and ran to a second nearby vehicle, officers attempted to arrest them. Id. The suspects fought back and were able to get into the vehicle and pull out of the parking space. Id. As the vehicle drove forward, it collided with a police vehicle and the driver backed rapidly in the direction of a deputy. Id. The deputy, fearing for his life, fired at the vehicle and the driver was killed. Id. The second suspect in the vehicle was arrested and was convicted on multiple counts, including assault with a deadly weapon. Id. at 1040-41.

The family of the driver of the vehicle brought suit in federal court against the deputies under section 1983. Beets, 669 F.3d 1041. The district court dismissed the section 1983 action on the ground that success in the 1983 action would be fundamentally inconsistent with the criminal conviction of the second suspect. Id. The court found that the jury convicted the second suspect on an aiding and abetting theory and therefore had to find that the decedent had committed the crimes charged. Id. The jury had been instructed that it could not find that the decedent had committed the crimes unless it found the deputy was engaged in the lawful performance of his duties. Id. Therefore, the criminal conviction necessarily rested on the jury

findings in respect to the deputy's use of force against the decedent. Id. The plaintiff appealed. Id.

On appeal, the Ninth Circuit found that while there might be a question as to whether the vehicle continued to move after the decedent was shot, it was the shooting that brought an end to the suspects' criminal activity. Beets, 669 F.3d at 1044. Since there was no break between the decedent's assault on the deputy and the police response, the deputy's actions were within the temporal scope of the crime and were part of a single act for with the decedent bore responsibility. Id. at 1044-45. The Ninth Circuit noted that unlike a plea, the jury does not determine which specific acts form the basis of the conviction and the verdict necessarily determines the lawfulness of the officer's actions. Id. at 1045. The jury that convicted the second suspect necessarily determined that the deputy acted within the scope of his duties and did not use excessive force. Id. The appellate court concluded that the jury found that the officer did not use excessive force and allowing the civil "action to proceed would allow for conflicting resolutions arising out of a single transaction and undermine consistency and finality." Id. at 1048. Therefore, the claims were barred by Heck. Id.

The question to be addressed here is whether success in this action would necessarily imply or demonstrate the invalidity of Plaintiff's conviction for resisting arrest, in violation of Penal Code section 148(a). Defendants reference the Fifth District Court of Appeal's decision for Plaintiff's appeal of his criminal conviction, which states that Plaintiff was convicted of one count of violating § 148(a)(1) for resisting, obstructing, or delaying, and provides the factual background of the events on February 27, 2014. Watkins, 2016 WL 3975561, at *1.

The Fifth District Court of Appeal's opinion states:

> Upon crashing his vehicle, appellant fled on foot. Officer Sims gave chase, yelling "Stop! Police." Appellant jumped a fence and ran into an apartment complex. At some point he stopped, turned around, and took an aggressive stance. Officer Sims pulled out his collapsible baton and told appellant to get on the ground. Appellant complied, but according to Officer Sims, pulled his hands and arms away as Officer Sims attempted to handcuff him. Utilizing force and with assistance from Parole Agent Greenwood, who had arrived on scene, Officer Sims was able to subdue appellant and place him under arrest.
>
> Appellant contested these facts at trial. According to appellant, he never saw a white car utilizing lights and sirens to pull him over and never stopped as a result

of such conduct. Rather, while driving to work through a known gang neighborhood, appellant noticed a grayish/blue truck and a red truck following close behind him. Concerned for his safety, appellant made several turns to determine whether he was being followed. When he concluded he was being followed, appellant attempted to flee, crashing his car. He took off on foot, hoping not to be shot by his pursuers, but stopped after a short while when he realized the people following him were police officers. At that point, he voluntarily submitted to their commands by laying on the ground and did not resist being handcuffed. According to appellant, Officer Sims placed a knee on his back and pulled one of his arms up, behind his back, causing him to roll onto his other arm. At that point, Parole Agent Greenwood began hitting him while telling him not to ever run from him.

Watkins, 2016 WL 3975561, at *1.

While there is no dispute that the officers used force, it is disputed whether that force was excessive. The force was used during the time that Plaintiff was on the ground and the officers were handcuffing him. Plaintiff has alleged that he was not resisting.[4]

There are multiple acts which could have been the basis for Plaintiff's resisting arrest conviction, including Plaintiff running from the police after he crashed his car and Plaintiff resisting being handcuffed by pulling his arms and hands away as officers attempted to arrest him.

The Fifth District Court of Appeal's decision discusses that according to Defendant Sims, Plaintiff pulled his hands and arms away as Defendant Sims attempted to handcuff him, and Defendant Sims was able to subdue Plaintiff and place him under arrest using force and with assistance from Defendant Greenwood. Watkins, 2016 WL 3975561, at *1. Plaintiff disputed these facts and argued that he voluntarily submitted to the officers' commands by laying on the ground and not resisting being handcuffed. Id. The act of Plaintiff pulling his hands and arms away could have been the basis of the resisting arrest conviction.

The act of resisting arrest when Plaintiff pulled his hands and arms away while on the ground would be the same act that the excessive force claim is based on as it was during this time that Plaintiff alleged Defendants hit him. Therefore, if the conviction for resisting arrest was based on Plaintiff pulling his hands and arms away while on the ground, the alleged

---

[4] The Court notes that Plaintiff does not admit that he was resisting arrest when he was on the ground and then argue that the amount of force was unreasonable based on his resisting. Plaintiff also contested during his criminal trial whether he was resisting while on the ground. See Watkins, 2016 WL 3975561, at *1.

8

excessive force and resisting arrest were during one factual context.

While it is not known what specific act or acts formed the basis for Plaintiff's resisting arrest conviction, it is clear that Plaintiff was convicted by a jury.[5] The Ninth Circuit has recognized:

> Where a defendant is charged with a single-act offense but there are multiple acts involved each of which could serve as the basis for a conviction, a jury does not determine which specific act or acts form the basis for the conviction..... Thus, **a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would "necessarily imply the invalidity of his conviction."** Susag [v. City of Lake Forest], 94 Cal.App.4th [1401] at 1410, 115 Cal.Rptr.2d 269 [ (2002) ].

Beets v. Cty. of Los Angeles, 669 F.3d 1038, 1045 (9th Cir. 2012) (quoting City of Hemet, 394 F.3d at 699 n. 5) (emphasis added in Beets).

The jury's finding that Plaintiff was guilty of resisting arrest means that the jury determined that the officers' actions were lawful throughout the whole course of Plaintiff's conduct. See Beets, 669 F.3d at 1045 (quoting City of Hemet, 394 F.3d at 699 n. 5); see also Smith, 349 F.3d at 695 ("In California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer."). Therefore, the jury determined that the officers were acting lawfully while Plaintiff was on the ground and they were placing the handcuffs on Plaintiff, which was an act that could serve as the basis for the resisting arrest conviction. As stated above, Plaintiff has alleged that he was not resisting while he was on the ground. To the extent that a plaintiff's section 1983 claim alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ any force against him, that claim is inconsistent with his conviction for resisting the officers and is barred under Heck. Hooper, 629 F.3d at 1131–32 (quoting Yount, 43 Cal. 4th at 898, 901). Thus, this action alleging the use of excessive force would necessarily imply the invalidity of Plaintiff's conviction.

Plaintiff's conviction has not been invalidated. As noted earlier, even if the Court had

---

[5] The Court notes that Plaintiff states that he was convicted by a jury in his opposition to the motion to dismiss.

9

considered Plaintiff's opposition, it would not have changed the Court's analysis and ultimate findings and recommendations because Plaintiff did not argue that there was a distinct temporal separation between the resisting arrest and the excessive force or that the resisting arrest and excessive force were two isolated factual contexts in one continuous chain of events. Plaintiff also did not assert that he did resist the attempts by the officers to handcuff him or that the officers had the justification to employ some force against him. Plaintiff also did not assert in his opposition that his conviction has been invalidated.

Therefore, Plaintiff's first amended complaint is barred under Heck, and must be dismissed. As amendment would be futile, the first amended complaint should be dismissed without leave to amend.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss the action as Heck barred be GRANTED and the first amended complaint be DISMISSED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 23, 2017**__

UNITED STATES MAGISTRATE JUDGE